## NEW YORK COMMON PLEAS.

JOSEPHINE WEBSTER, appellant agt. AUGUST L. NOSSER, respondent.

*A landlord may sustain an action to recover damages of the tenant for a violation by the latter of a covenant to repair, and for a violation of a covenant not to make alterations on the premises without the consent of the landlord, before the expiration of the term.*

*General Term, May,* 1867.

*Before* DALY, BRADY, *and* CARDOZO, *Judges.*

APPEAL from a judgment rendered in the sixth district, before Mr. Justice BARRETT.

ROSWELL D. HATCH, *for appellant.*
TOWNSEND & LEVINGER, *for respondent.*

*By the court,* BRADY, J. The defendant covenanted that he was to do and make all repairs during the term of the lease between him and the plaintiff; and to quit and surrender the premises at the expiration of the term, in as good state and condition as they were at the commencement of the term. He also covenanted that he would not make any alterations on the premises without the consent in writing of the lessor, under the penalty of forfeiture and damages.

This action was brought to recover damages sustained by a violation of both these covenants, viz : for a failure to make repairs, and for alterations made without the consent of the plaintiff. On the trial, the plaintiff proposed to show that the defendant should have made repairs, and " admitted that the lease had two years to run." The defendant objected, and the justice held that the plaintiff might show that the tenant had violated the covenant so far as not to make repairs which were essential to prevent the freehold from falling into decay. The plaintiff was permitted, however, to give evidence upon the subject of alterations, but when the plaintiff rested, the defendant's counsel moved to dismiss the complaint, on the grounds, 1st. That the term

was unexpired; and, 2d. That there was no evidence show-ing irreparable damage to the building, or any waste, or any deterioration in the value of the premises, in consequence of the alteration proved to have been made, or proper evidence of the amount of damage, if any there were.

The complaint was, upon this motion dismissed, and the plaintiff's case failed in both causes of action. The justice seems to have been of the opinion that the plaintiff could not recover for repairs, because the defendant's term was unexpired, and such repairs were not essential to prevent the freehold from falling into decay, and that for some rea-son, but what, does not clearly appear, the plaintiff was not entitled to recover, although alterations had been made without his consent. In both of these views he was in error. It has been determined in this state, that an action on a covenant similar to that of the defendant, to repair, could be maintained during the term. (*Schieffelin* agt. *Carpenter*, 15 *Wend.* 400, *and cases cited.*) Chief Justice HOLT, in the case of *Vivian* agt. *Campion* (1*Salkeld's R.* 139 ; 2 *Ld. Ray.* 1, 125), said, that the jury should give as much damages as it would cost to put the premises in repair, but none in respect to the length of time they continued in decay; that it was not a hard action; that good damages were always given in such cases, because the damages ought to be applied to the repair of the premises. In this suggestion we have the reason of the rule. The lessee is required to perform his covenant, when it is broken, by paying to the lessor in damages, a sum sufficient to make the repairs which are necessary, and which should have been expended by him, and nothing more. (*See Shortridge* agt. *Lamphigh*, 2 *Ld. Ray.* 798 ; 7 *Mod.* 71.) It would seem to follow, as the award is in its nature a decree for a specific performance, that the sum given, would on proper application in equity, be appropriated to the performance of the repairs, so that the lessee might have the benefit of such application during the balance of his term. A violation of the covenant not to make alterations, is also attended with consequences of immediate liability. The covenant being broken, the rule

is universal that a right of action at once accrues, unless there is something in the agreement of which it is a part only, to the contrary. Such is not the case here. On the contrary, the covenant provides that alterations shall not be made, under penalties of forfeiture and damages. In the case of *Vicker* agt. *Jackson* (2 *Starkie's Rep.* 260), which was an action of ejectment on forfeiture for breach of covenant, it appeared that the lease contained a covenant to repair, within three months after notice, and also a general covenant to repair. The evidence of dilapidation principally relied on, was that the defendant had broken a doorway through the wall of the demised house on to the adjoining house. It was contended on the part of the defendant, that the breach had been waived by acceptance of rent after notice given, and it was said on his behalf, that it always had been his intention to rebuild the wall before the end of his term, but Lord ELLENBOROUGH held, that this was a continuing breach and a want of repair, which amounted to a forfeiture. The removal of the partition described by the witnesses in this case, was an alteration of the premises, if it were not a violation of the covenant to repair. Whether the premises were injured by the alteration, was a question of fact which the justice did not consider, it would seem, having dismissed the complaint because the action was brought during the term. If such be not the case, the judgment was erroneous, inasmuch as the evidence given entitled the plaintiff clearly to damages. The covenant was broken, and it was shown that it would cost, as shown, about $200 to restore the partition removed.

The judgment must be reversed.