ROBERT M. WARD and WALTER S. GOVE v. CHARLES
KELSEY, Defendant and Appellant.

*Lease—Covenant by Lessor to keep in repair.*

Under a covenant by the lessor that he will do all necessary repairs within
a reasonable time after notice to him by the lessee, he failing to do so, will be
liable to the lessee for the expense incurred in making the repairs himself.

This was an action brought by the lessee of a warehouse building
in Brooklyn, against the lessor, to recover the expense of caulking
the floors of the building, to prevent leakage from one story to
another, whereby the goods in store were exposed to injury. The
lease contained the following clause: " And the said party of the
first part hereto [the lessor] hereby agrees, that he will do all
necessary repairs upon said premises and pier, within a reasonable
time after notice to him by the said parties of the second part
requiring him to do so." In September, 1859, the lessees gave
notice that the floors leaked, and desired them to be repaired, and
made tight, and again in October of the same year. The lessor
neglecting to do it, the lessees themselves caused the repairs to be
made, and brought this action to recover the expenses thereof. It
was testified that the floor was tight when the lessees took possession
of the building. It was testified that after a few months' occupying
the same became open, and the lessor caused the same to be repaired
and tightened; whether he did it upon the claim of right by his
lessees, or upon an appeal to his generosity, was a point upon
which the parties differed in their testimony.

The Judge charged the jury that if the floors, as originally con-
structed, were reasonably sufficient to answer the purpose specified,
the Defendant was not bound to improve the floors by caulking
or other means, but was only bound to keep them in as good
condition as when constructed; that he was not bound to keep
them in the condition of first-class warehouses. He further
charged that if the floors were tight, as originally constructed, and

from shrinking or other cause without the Plaintiffs' fault became leaky, it was the duty of the Defendant, upon proper notice, to return them to their former state of tightness, provided the business for which the stores were let reasonably required the floors to be tight. The jury found for the Plaintiffs, and the General Term of the Second District affirmed the judgment entered upon the verdict.

The Defendant now appeals to this Court.

*W. Britton* for the Appellant.

HUNT, CH.J.—According to the decision of Myers *v.* Burns (35 N. Y. R. 269), the covenant in question required the Defendant not only to keep the premises in good repair, but to put them in that condition. It might well have been submitted to the jury whether, in a warehouse of the size, condition, and locality of the one in question, water-tight floors were not indispensable, and whether it was not therefore the duty of the Defendant so to complete his building.

The Judge did not, however, go the length of either of these propositions. He simply charged that it was the duty of the Defendant to keep the floors tight, if they were so when originally constructed, and if the business of the Plaintiffs required it.

This was a construction of the contract to repair, quite favorable to the Defendant, and to which he took no exception on the trial. He can therefore make none now.

The Appellant insists, in his first point, that the Defendant was not bound to caulk the floors, thereby making them water-tight, which they before were not.

I understand the Judge's charge to be in accordance with this theory. He charged that the Defendant was not bound to keep the stores in the condition of first-class warehouses, and that he was not bound to improve the floors by caulking them, but was only bound to keep them in as good condition as when constructed.

The case went to the jury upon this theory, and they doubtless

found that the Defendant had failed to keep the buildings up to their original condition.

Judgment should be affirmed, with costs.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.