(100 App. Div. 495)

### LEHMAIER et al. v. JONES.

(Supreme Court, Appellate Division, First Department. . January 13, 1905.)

1. LEASE—COVENANTS RUNNING WITH LAND.
 Covenants in a lease that the lessee will keep the premises in repair and pay all taxes and water charges, and at the expiration of the term surrender possession of the premises in good condition, are covenants running with the land.

2. SAME—COVENANT TO REPAIR.
 Under a covenant in a lease to "keep" and surrender the premises "in as good state and condition as reasonable use and wear thereof will permit" requires the tenant not only to keep the premises in as good repair as when he entered, but to put, keep, and leave them in good repair, having regard to the age and class of the buildings.

3. SAME—BREACH OF COVENANT—MEASURE OF DAMAGES.
 In an action for breach of covenant in a lease to keep the premises in repair, the measure of damages is the necessary cost in making the repairs.

 Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action on a lease by Rachel Lehmaier and others against Oliver L. Jones. From a judgment dismissing the complaint as to a portion of the cause of action, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Daniel F. Kiely, for appellants.
William B. Ellison, for respondent.

LAUGHLIN, J. This is an action upon a covenant in a lease bearing date the 1st day of January, 1893, by which the defendant leased from the owner the premises known as Nos. 49, 51, and 53 West Twenty-Eighth street and 470 Sixth avenue, in the city of New York,

for the term of 10 years from the 1st day of May thereafter. There
were old buildings on the premises at the time they were leased. The
plaintiffs acquired title to the premises on the 12th day of July, 1902,
during the last year of the leasehold period. At the expiration of the
term the defendant surrendered possession. The plaintiffs claim that
the defendant did not keep or surrender the premises in good repair
according to his covenant. The covenants upon which the action is
based are contained in separate consecutive paragraphs of the lease as
follows:

"And the party of the second part further covenants that he will keep
said premises in good repair at his own expense during said term, and will
pay all taxes and extra Croton charges imposed upon said premises during
said term within three months after they shall become due and payable, and
comply with all the orders of the public authorities of the city of New York
in relation to said premises, at his own expense, during the entire term of
this lease.

"And at the expiration of the said term, the said party of the second part
will quit and surrender the premises hereby demised, in as good state and
condition as reasonable use and wear thereof will permit, damages by the
elements excepted."

At the outset the respondent contends that these covenants did not run
with the land, and that, therefore, the plaintiffs cannot maintain the
action. We are of opinion that this claim is untenable. The covenants
inured to the benefit of the plaintiffs the moment they succeeded to the
title; and from that time on the obligation of the tenant was to them,
both with reference to the condition in which he covenanted to keep
the premises and with reference to the condition in which he covenanted
to leave them. 1 McAdam on Landlord & Tenant (3d Ed.) 430; Wood
on Landlord & Tenant (2d Ed.) § 370; 1 Washburn on Real Property,
403.

The plaintiffs did not show the condition of the buildings at the time
the lease was made, but based their right to recover upon evidence show-
ing that the buildings were out of repair at the time possession of the
premises was surrendered. The learned counsel for the respondent
maintains that the covenant to keep the premises in good repair should
be construed the same as if it provided that, if the tenant desired any
repairs, he should make the same at his own expense, and that, there-
fore, it was incumbent on the plaintiffs to show that the premises were
in a better state of repair when the lease was made than at the ex-
piration of the term. This is the principal question presented by the
appeal. At first blush it might seem that the covenant imposed no
obligation on the part of the tenant as between him and the landlord;
but it is to be borne in mind that, in the absence of an express covenant,
the landlord is not obliged to make repairs to the demised premises; and
while, for greater caution, when it is the understanding that the tenant
is to make such repairs as he needs, it is customary to incorporate a
clause to that effect, the clause is ordinarily quite different from that
contained in this lease. This appears to be an express covenant made
by the tenant to his landlord; and it is to be borne in mind that the
lease was for a long term, which does not make it such a hardship
as at first it might seem. Wood, in his work on Landlord and Ten-
ant (section 369), says:

"A covenant to repair, keep, and leave the premises in repair at the end of the term does not bind the tenant to keep or leave them in better repair than they were when he went into possession. He is merely bound to maintain them as they are."

And he cites as his only authority for the proposition the case of West v. Hart, 7 J. J. Marsh. (Ky.) 258, which appears to so hold. In the second edition of this author's work, however, while the original text is continued, the case of Payne v. Haine, 16 M. & W. 541, holding the contrary rule, is cited with seeming approval. Wood's Landlord & Tenant (2d Ed.) p. 806. With this exception, no authority has been cited, and we find none, sustaining the doctrine of the Kentucky case, and we are of opinion that it is not in accordance with the trend of judicial authority in other jurisdictions. McAdam, in his excellent work on Landlord and Tenant (3d Ed. 429), says:

"Under a covenant to 'keep' in repair, if to keep in repair it is necessary that the rooms should first be put in repair, the covenantor is bound to perform that duty."

The rule is stated in the American and English Encyclopedia of Law, vol. 18 (2d Ed.) 252, as follows:

"But an agreement by the tenant to keep the premises in good repair or tenantable repair, or the like, requires the tenant to put the premises in such repair in case they are not so at the time of the letting."

In Green v. Eden, 2 Thomp. & C. 582, the tenant covenanted to "keep" the premises "in good repair and condition" during the term. The roof and steps were in bad condition at the commencement of the term, and became worse before the tenant left. The landlord made the necessary repairs, and it was held that he could recover for the same from the tenant. I think this covenant should be construed as obligating the tenant not only to keep the premises in as good repair as when he enters, but to put, keep, and leave in good repair, having due regard to the age and class of the buildings, and that this construction is sustained by authority. Payne v. Haine, supra; Green v. Eden, supra; Proudfoot v. Hart, L. R. 25 Q. B. 42 (1890); Douse v. Earl, 3 Leving's Rep. 264 (1647); Myers v. Burns, 35 N. Y. 269; Ward v. Kelsey, 38 N. Y. 80, 97 Am. Dec. 773; Lockrow v. Horgan, 58 N. Y. 635; Heintze v. Erlacher, 1 City Ct. R. 465; 1 Addison on Contracts, 239; McAdam on Landlord & Tenant (3d Ed.) 429. Of course, the tenant is not obliged to keep the buildings on the demised premises up as new buildings, and the extent of the repairs he is obliged to make necessarily depends upon the age and class of the buildings. 1 McAdam on Landlord & Tenant, supra, and cases cited.

There is evidence in the record that the buildings upon the demised premises were not left in good repair, even with due allowance for their age and class, and that the cost of putting them in proper repair would be substantial. This was sufficient to take the case to the jury. McGregor v. Board of Education, 107 N. Y. 511, 14 N. E. 420. We think the measure of damages in such case in an action by the landlord against the tenant is the necessary cost of making the repairs. Green v. Eden, supra; Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Luckrow v. Horgan, supra; McGregor v. Board of Education, supra;

Webster v. Nosser, 2 Daly, 186. To hold that the measure of damages would be the difference in the fee value would not be a just rule either to the landlord or to the tenant, 'for the reason that the land might appreciate or depreciate in value out of all proportion to the damages contemplated by the parties. Moreover, holding the tenant liable for the necessary expense of making the repairs is merely compelling him to pay the cost of what he covenanted to do. The court excluded evidence of the cost of making the necessary repairs, and counsel for the plaintiffs duly excepted. If we are right in the rule of damages, this necessarily requires a new trial.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellants to abide the event.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur. INGRAHAM, J., dissents.