KNUTSEN v. CINQUE.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

1. LANDLORD AND TENANT—INJURIES TO PREMISES—ACCRUAL OF RIGHT.
　　A right of action for a failure to return leased premises in good condition, based on reparable damage done to the buildings, does not accrue until the expiration of the lease.
　　[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 622.]

2 VENDOR AND PURCHASER—RIGHTS OF PARTIES—EXISTING LEASE—INJURIES TO PROPERTY.
　　Where property is sold subject to an existing lease, a right of action for failure to return the premises in good condition not accruing until the expiration of the lease, passes to the grantee with the land.
　　[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 456.]

Appeal from Municipal Court of New York.

Action by Carl E. Knutsen against Teresa Cinque. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The action was after the termination of a lease to recover the sum of $200 deposited by the tenant with the landlord at the beginning of the tenancy, under a clause in the lease requiring that such deposit be made, to be held by the landlord during the tenancy for the faithful performance of the covenants of the lease. The covenant claimed by the defendant to have been violated was that requiring the tenant to surrender the premises at the expiration of the lease in as good condition as he took them, wear and tear excepted. The defendant counterclaimed the damage to the freehold done by the tenant in tearing down horsestalls in the barn, and not restoring them, and proved the fact, and the damage.

Seven months before the expiration of the lease the defendant sold and conveyed the property.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Herbert Hindes, for appellant.
Isaac L. Miller, for respondent.

GAYNOR, J. The action did not accrue until the expiration of the lease, for the plaintiff could have restored the stalls up to that time. It follows that the right of action set up in the counterclaim is in the defendant's grantee. He purchased the land subject to the lease, and succeeded to his grantor's rights under the covenants of the lease. The covenant to surrender the premises in as good condition as received ran with the land. Demarest v. Willard, 8 Cow. 206; Chaplin on L. & T. § 338.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.