### DEVINE v. RADFORD.

(Supreme Court, Appellate Term. June 5, 1908.)

LANDLORD AND TENANT—LEASES—COVENANTS—REPAIRS.

Under the covenant of a lease that the tenant "make all necessary repairs and alterations necessary to the proper conducting of his business," the roof sagging and leaking, and the city building department consequently declaring the structure unsafe, the tenant is bound to make the repairs, and so cannot claim a constructive eviction because of such untenantable condition.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Thomas F. Devine against Guy B. Radford. From a judgment on a verdict for defendant, plaintiff appeals. Reversed, and judgment ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

James A. Delehanty, for appellant.
Kirk & Conry, for respondent.

DAYTON, J. The action was tried for the rent of the premises 249 West Sixty-Fourth street for the month of February, 1908, under a written lease for one year, made May 1, 1906, and renewed for a similar term at the lessee's option April 30, 1907. The defense was an alleged untenantable condition of the premises, amounting to a constructive eviction. The lease contained a clause whereby the tenant covenanted "to make all necessary repairs and alterations necessary to the proper conducting of his business." It is contended by the defendant that this phrase must be construed narrowly, to indicate only such repairs and alterations as were incidental to and required by the conducting of his business. The landlord contends, on the other hand, that the phrase means that the tenant assumed the duty of making "all necessary repairs" and such alterations as should be incidental and necessary to the conduct of his business.

The untenantable condition assigned as the cause of defendant's constructive eviction is a sagging of the roof, which is alleged to be weak, unsafe, and in a dangerous condition. It becomes necessary, for the determination of the issues, to construe the phrase above mentioned, as, if the landlord's interpretation be upheld, it was the duty of the tenant under the lease to repair the roof, and he could not thus claim an eviction because of his own failure to perform this duty. The lease was drawn informally by the tenant upon his own letter head, and it seems, on the whole, in the absence of any extraneous evidence to show the understanding of the parties, that it was the tenant's intention to restrict his liability, both as to repairs and alterations, to such as were necessary to the conduct of his business. The premises, used as an automobile repair shop, consisted of a frame building 25x100 feet, one story in height; the roof beams having a space of 24 feet. The roof sagged and leaked. The building department consequently declared the structure unsafe. The evidence showed what had to be done to meet the requirements of the department and to avoid the removal of the building. The condition of the building, for the purposes of defendant's business and necessary for its proper conduct, was assumed by the defendant when he covenanted to make all necessary repairs and alterations to that end. Mr. Justice Laughlin in Lehmaier v. Jones, 100 App. Div. 495, 91 N. Y. Supp. 687, referring to the usual covenant for repairs, and citing Green v. Eden, 2 Thomp. & C. 582, says:

"I think this covenant should be construed as obliging the tenant, not only to keep the premises in as good repair as when he entered, but to put, keep, and leave in good repair, having due regard to the age and class of the buildings, and that this contention is sustained by authority."

The denial of plaintiff's motion for judgment was error, and the exception thereto was well taken.

Judgment reversed, and judgment absolute ordered for the plaintiff, with costs. All concur.