(129 App. Div. 533.)
### BUSHWICK REALTY CO. v. SANITARY FIREPROOFING & CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department.    December 30, 1908.)

LANDLORD AND TENANT (§ 152*)—LEASE—COVENANT TO REPAIR.

> A lease, after specifying certain minor repairs which the landlord agreed to make at the beginning of the term, provided that during the term and the renewals the lessee should make all repairs and surrender the premises in good order at the end of the term. *Held,* that such provision was an absolute covenant to make all necessary repairs and to keep the premises in tenantable order; and hence the tenant was liable for rebuilding the walls and supporting the roof anew on the requirement of the building department.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 538; Dec. Dig. § 152.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the Bushwick Realty Company against the Sanitary Fireproofing & Contracting Company. From a judgment for plaintiff for less than the relief demanded, it appeals. Reversed, and new trial ordered.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Louis D. Speir (Newell Martin and Eli J. Blair, on the brief), for appellant.

B. C. McKenna, for respondent.

HOOKER, J. Plaintiff is aggrieved at the judgment of six cents in its favor, and appeals. The action is by landlord against tenant to recover the reasonable value of repairs which the plaintiff claims defendant was bound under the lease to make and did not. After specifying certain minor repairs the landlord agreed to make when the tenant went in, the lease provided:

> "During the term of the lease and all renewals, the lessee will make all repairs and will surrender the premises in good order at the end of the term."

This is something more than a mere agreement to make ordinary or general repairs and to surrender the premises in as good condition as they were at the commencement of the term, ordinary wear and tear excepted. The distinction has been recognized. Lockrow v. Horgan, 58 N. Y. 635, was an action against the tenant to recover for repairs. By the lease the tenant was to make "all necessary repairs." The defendant denied its liability because the settling of the rear wall, which rendered the premises untenantable, was owing to original defective construction of the foundation, and his agreement to repair did not go to this. It was held:

> "As the covenant was absolute to make all necessary repairs and keep the premises in tenantable order, and no fraud on the part of the landlord having been shown, defendant was bound to make the repairs irrespective of the cause of the defect, and, defendant having abandoned the premises without making the repairs, the landlord had a right to make them and recover the expenses. Ward v. Kelsey, 38 N. Y. 80, 97 Am. Dec. 773."

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, too, Appleton v. Marx, 117 App. Div. 206, 102 N. Y. Supp. 2, affirmed 191 N. Y. 81, 83 N. E. 563; Green v. Eden, 2 Thomp. & C. 582; Lehmaier v. Jones, 100 App. Div. 495, 91 N. Y. Supp. 687.

During the term the building department determined that the building in question was unsafe, and directed its repair in what may be conceded were radical particulars, which involved making plumb the brick walls and supporting anew the roof. The plaintiff proved by the witness Kraemer, who was qualified, the actual necessities of the case, independent of the edict of the department. He swore that "the rebuilding of the walls ordered by the building department" was "absolutely necessary to be done," and all the circumstances point to equal necessity as to the roof. By reason of the covenant the defendant was bound to make the repairs, and in default is liable to the plaintiff for their reasonable cost. Lockrow v. Horgan, supra.

Such cost was adequately established by evidence, which was entitled to credit and which the trial justice should not have disregarded; and the judgment must be reversed, and a new trial ordered—costs to abide the event. All concur.

