FINCKE v. BORKEL.

(Supreme Court, Appellate Term. February 18, 1910.)

1. APPEAL AND ERROR (§ 1008*)—REVIEW—QUESTIONS OF FACT.
   Findings by the court on questions of fact will not be disturbed on review.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3955; Dec. Dig. § 1008.*]

2. LANDLORD AND TENANT (§ 188*)—RENT—FAILURE OF LANDLORD TO REPAIR—CONTRACT FOR REPAIRS.
   Where the tenant agreed, in consideration of two months' rent, to put the premises in repair and keep them so during the term, he cannot afterwards resist payment of rent on the ground that the premises were out of repair.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 783, 786; Dec. Dig. § 188.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r·Indexes

Appeal from Municipal Court, Borough of Manhattan, First Department.

Action by John A. Fincke against John Borkel. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Moses S. Adler, for appellant.

Frank C. Mebane, for respondent.

LEHMAN, J. Plaintiff sues for $200 deposited under a lease as security for the nonpayment of rent. The defendant alleges as a counterclaim and set-off that the plaintiff has not paid the rent reserved, and as a counterclaim that the plaintiff has broken his covenant to put the premises in repair, and to keep them in such repair at his cost and expense, and at the termination of the lease to quit and surrender the said premises in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted.

At the trial the question whether the rent reserved under the lease was reduced by a subsequent valid agreement was sharply litigated, and presented a question of fact for the trial justice, and we have no right to disturb his determination.

The only serious question arises upon the second counterclaim. The lease contains a clause that:

"It is understood and agreed that the said party of the second part [the plaintiff] is to be allowed the rent for the months of June and July, 1904, for putting the said mentioned premises in repair and keeping them so during the full term of this lease at his own proper cost and expense."

Defendant showed by evidence not seriously disputed that at the expiration of the term one vault hole cover was missing and the other broken, the iron basement gate missing, the railing rusted and falling apart, the roof rotted, an old furnace in bad condition and not fit for use, floors worn out, dumb-waiters missing, a mirror cracked, and gas fixtures twisted and useless. The house was old, and used as a tenement house, and plaintiff claims that it was in the same condition when leased to him as when he surrendered it. Conceding that this is true, it was his duty under the lease to put and keep it in good condition, and this he has failed to do. Appleton v. Marx, 117 App. Div. 206, 102 N. Y. Supp. 2, affirmed 191 N. Y. 81, 83 N. E. 563, 16 L. R. A. (N. S.) 210.

Even though, "of course, the tenant is not obliged to keep the buildings on the demised premises up as new buildings, and the extent of the repairs he is obliged to make necessarily depends upon the age and class of the buildings" (Lehmaier v. Jones, 100 App. Div. 495, at 498, 91 N. Y. Supp. 687, 689), it seems to me that the plaintiff was obviously obligated to keep the premises in better condition than he apparently did.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.