(85 Misc. Rep. 414)

### COHEN et al. v. HAMMER.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

LANDLORD AND TENANT (§ 152*)—COVENANTS OF TENANT—CONSTRUCTION.

    A covenant in a lease, which binds the tenant to keep the plumbing work, pipes, and glass, and the premises generally, in repair, and surrender them at the end of the term in as good condition as reasonable use and wear thereof will permit, imposes on the tenant the duty to keep the premises in the same state of repair they were in when the lease was executed, but not the duty of keeping them in good repair, irrespective of the condition they were in at that time.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Harry Cohen and another against Annie Hammer. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Otto A. Samuels, of New York City (Jacob Neumark, of New York City, of counsel), for appellants.

Herman J. Rubenstein, of New York City, for respondent.

WHITAKER, J. This action is brought by plaintiffs, as landlords, against the defendant, as tenant, to recover damages for an alleged breach of a covenant to repair contained in the lease between the parties. The leased premises consisted of the second floor of premises in Clinton street, borough of Manhattan, New York City. The lease was for the term of one year. The covenant which plaintiffs claim was broken by defendant is as follows:

    "And the said party of the second part [defendant] will also pay the Croton water rate, or a sum equal to one-half, and will keep the plumbing work, pipes, glass, and the premises generally, in repair, and will surrender

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them at the expiration of the said term in as good state and condition as reasonable use and wear thereof will permit."

The evidence upon the part of the plaintiffs tended to show that, at the termination of the lease and removal of tenant, the premises were out of repair, in that a certain plate glass was broken, the skylight frame was destroyed, and the skylight glass broken, and that the premises generally were out of repair. These questions were all submitted to the jury, who found in favor of defendant. The question as to whether the premises were out of repair generally was one of fact, and the verdict of the jury would ordinarily have been final.

It is conceded, however, by the defendant, that the plate glass window was broken, had a hole in it, and that it was practically in the same condition when defendant signed the lease as it was when the lease terminated. The court practically charged the jury that the only repair defendant was required to do under the covenant to repair was to keep the premises in the same state of repair that they were in when she took possession under the lease. To this plaintiffs duly excepted. The plaintiffs requested the court to charge the jury that, inasmuch "as there is a positive covenant in the lease, which is the subject of this suit, that the defendant will keep the premises generally in repair, that this is an absolute covenant to make repairs. * * * " The court refused to so charge. Thus the controversy arises as to the proper construction to be given to the covenant in the lease as above set forth. The defendant claims that under the above covenant the defendant was required only to keep the premises in the same general repair they were in when the lease was signed, and that, the hole being in the plate glass window at the time of signing of the lease, when defendant entered into possession, she was not required to put in a new plate glass window. The plaintiffs maintain that defendant was required, under the covenant to repair, not only to keep the premises in the same repair that they were in when she took possession, but was required to put them in good repair, irrespective of the condition they were in when she signed the lease and entered.

Plaintiffs cite several cases which they claim uphold their contention. The first of these is Lehmaier v. Jones, 100 App. Div. 495, 91 N. Y. Supp. 687. That case, it is true, held that the tenant was not only obliged to keep the premises in as good repair as when he entered thereon pursuant to the lease, but to *put*, keep, and leave them in good repair. The doctrine of that case has been followed in the cases of Bushwick Realty Co. v. Sanitary F. P. Co., 129 App. Div. 533, 114 N. Y. Supp. 13, Appleton v. Marx, 117 App. Div. 206, 102 N. Y. Supp. 2, and Gould v. Springer, 206 N. Y. 641, 99 N. E. 149. An examination of these cases will show that the covenants in the leases there construed were quite different from the covenant in the lease in the case at bar. In the Lehmaier Case the covenant was "to keep the premises in *good* repair." In the Bushwick Case the covenant was that:

"During the term of the lease, and all renewals, the lessee will make all repairs, and will surrender the premises *in good order at the end of the term.*"

In the Appleton Case the covenant was as follows:

"He will make all repairs, inside and outside of the said building, which *may be needful* to the demised premises during his term, * * * and will keep the demised premises in *good order and repair.* * * * "

In the Gould Case the covenant was "to keep in *good* and *proper* repair." The word "repair" is qualified and explained in all of the above leases. In the case at bar it stands alone. There is nothing to denote the kind of repair the building is to be kept in, whether good, necessary, needful, or proper. It is fair, I think, to presume that the parties simply contemplated by this covenant that the premises should be kept in the same repair that they were in when leased to defendant. The following rules are laid down in 24 Cyc. p. 1088:

"A covenant to keep the premises in repair is generally construed to mean and to impose on the covenantor the legal obligation to keep the premises in as good repair as when the agreement was made. * * * "

Same volume, p. 1089, says:

"In some jurisdictions the covenant to keep in *good* repair imposes an obligation to *put* in repair premises which at the time of the demise were not in repair."

The distinction between the rules, we think, is sound, although no such distinction is specifically recognized in the New York cases. The case at bar is within the rule first above stated.

We are of the opinion that under the covenant above referred to, contained in the lease between plaintiffs and defendant, the defendant was only required to keep the premises in the same state of repair that they were in when the lease was executed, and, the jury, under the charge of the judge, having found that the premises were in such condition when surrendered to plaintiffs, that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.