140 WEST THIRTY-FOURTH STREET CORPORATION, Landlord, Appellant, v. MILDRED DAVIS, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, January 30, 1936.

*Joseph G. Abramson* [*Michael Freed* of counsel], for the appellant.

*Carl J. Lewis,* for the respondent.

CALLAHAN, J. In this summary proceeding for non-payment of rent the tenant pleaded general denial and counterclaimed damages resulting from her dispossession by the Magistrates' Court.

By the written lease the premises were demised to be used " only for a tea room," the tenant agreeing to make all repairs at her own cost and expense and to promptly execute and comply with all ordinances applicable to the premises " for the correction, prevention, and abatement of nuisances or other grievances," the lease further providing that the tenant could not make any alterations without the landlord's consent.

After the tenant took possession and expended, as she claims, about $1,500 in fitting up the premises as a tea room, she was informed by the health department that it would be necessary to procure a building permit from the building department to carry on the business. No such permit having been obtained, the tenant was summoned before the Municipal Term for illegal occupation of the

premises. She was thereupon convicted, sentence suspended, and directed to vacate the premises or remove the violation. Although the health inspector reported to the Magistrates' Court that the tenant had vacated the premises, it appears that the fixtures remained there down to the day before the trial of this proceeding.

The tenant testified that when she received the notice from the department requiring the construction of a new floor with beams of sufficient strength — an alteration which it was testified would cost about $400 — the landlord's representative informed her he would take care of the matter, but nothing was done by him. The landlord's witness denied that any such conversation was had.

The demise in this case was not of an entire building, but only of one of several floors in a business building. Even in the case of an entire building it has been held that a covenant requiring a tenant to make all repairs requires the tenant merely to make all ordinary repairs, not structural changes (*May* v. *Gillis*, 169 N. Y. 330), and the further requirement that the tenant would execute and comply with all ordinances, etc., does not cast upon the tenant the obligation of compliance with the orders of the building department. (See *Second United Cities R. Corp.* v. *Price, etc., Co.*, 242 N. Y. 120, and cases cited.)

The lease was not illegal, for if either party had made the structural change the desired business could have been carried on in the premises. Down to the time when she was summoned to the Magistrates' Court it appears that the tenant had carried on the business there. The case is thus distinguishable from one in which the landlord lets premises for a particular use in a district in which such use is unlawful. (*Shontz Co.* v. *Laffay*, 225 App. Div. 263; *Hartsin Construction Corp.* v. *Millhauser*, 136 Misc. 646.)

The record indicates that neither party at the time of the making of the lease had in mind the necessity of a license to carry on a tea room business, the only business under the lease which could be carried on in the premises, or the possibility of the municipal authorities stepping in and requiring the structural improvement, which the tenant was not required to make under the covenants of the lease. In the circumstances neither party could reasonably be expected to guard against an event which was excluded from the anticipation of both parties, and the foundation of the contract was destroyed. (*Krell* v. *Henry*, L. R. [1903] 2 K. B. 740.) The tenant, however, did not after prosecution in the Magistrates' Court abandon possession and thus cancel the obligation for further rent, which she might have done; and as her property remained upon the premises at the time of the beginning of the summary proceeding she was liable for the rent demanded herein.

Although no point was made on the trial as to the validity of the tenant's counterclaim it is apparent that the restriction of the use of the premises did not on the facts presented constitute either an express or implied covenant that the premises were fit for the specified use, and the landlord was not liable for the damages demanded.

Final order and judgment reversed, and final order directed for the landlord as prayed for in the petition, and counterclaim dismissed on the merits, with costs.

LYDON and SHIENTAG, JJ., concur.