M. Franklin Havens, Plaintiff, *v.* Grace Hartshorn et al., Copartners Doing Business under the Name of Genesee Warehouses, et al., Defendants.

Pasquale Pietrovito, Plaintiff, *v.* Grace Hartshorn et al., Copartners Doing Business under the Name of Genesee Warehouses, et al., Defendants.

Supreme Court, Special Term, Genesee County, March 9, 1945.

*Harry Schechter, William H. Stieglitz* and *Bernard Katzen* for Doehler Die Casting Company, defendant.

*Edmund S. Brown* for Grace Hartshorn and others, defendants.

BATT, J. These are motions by the defendant Doehler Die Casting Company to (1) amend the captions or titles of the actions as set forth in the notices of motion herein, (2) to vacate the two orders of Mr. Justice SWIFT granting the defendants Hartshorn, Thornton and Walls (hereinafter referred to as defendants) the right to issue supplemental summonses and amended answers containing cross complaints against the Doehler Die Casting Company (hereinafter referred to as impleaded defendant) and (3) to dismiss the said cross complaints on the ground that the same failed to state facts sufficient to constitute causes of action under the provisions of subdivision 5 of rule 106 of the Rules of Civil Practice.

The plaintiffs were employees of the impleaded defendant. The impleaded defendant leased certain premises in the city of Batavia from the defendants on or about January 31, 1944, by written lease for a term of one year. The plaintiffs, while working for the impleaded defendant, were injured on April 29, 1944, by the collapse of the second floor of part of the leased premises and claim to have suffered injuries.

The plaintiffs brought actions against the defendants based on the sole negligence of the defendants and for nuisance. The plaintiffs allege that the premises at the time of the leasing thereof and while the plaintiffs were working therein as invitees, had become unsafe in that the uprights, beams and supports of said flooring which were part of the general structure and

within the sole control of the defendants, were and had become rotten, decayed, insecure, unsafe and unfit for use and that they failed to maintain said premises in a safe and sound condition and negligently failed to make necessary repairs and replacements to maintain said premises in a safe and sound condition. The defendants interposed answers denying the material allegations of the complaints.

Subsequently the defendants made motions in both cases for leave to bring in the impleaded defendant as a party defendant and for leave to serve supplemental summonses and amended answers containing cross complaints against the impleaded defendant. The motions were granted ex parte, the plaintiffs either not appearing or not objecting thereto. The impleaded defendant was duly served with copies of the supplemental summons and amended answers containing the cross complaints.

The defendants allege in the cross complaints that the premises in question were leased to the impleaded defendant prior to April 29, 1944, under a written lease. That a part of said premises was the second floor of a building used by the impleaded defendant for storage purposes. That the impleaded defendant negligently stored property on said premises which overloaded the second floor, supports and beams beyond their capacity, causing said floor to collapse, resulting in plaintiffs' injuries. That the accident and injuries alleged were caused solely by reason of the negligence of the impleaded defendant. That as between the defendants and the impleaded defendant, the latter is primarily at fault and the former were not, *in pari delicto* with the impleaded defendant. They allege that by reason of the foregoing facts, in the event that the plaintiffs recover judgments against the defendants, they have judgment against the impleaded defendant for the same amounts as may be recovered against the defendants.

The impleaded defendant was covered by a policy of workmen's compensation insurance issued to it by the State Insurance Fund, which policy was in force at the time of the plaintiffs' sustaining their alleged injuries. The State Insurance Fund has agreed to and has undertaken the defense of the cross complaints and has made these motions.

Upon the trial, if the plaintiffs sustain the allegations that the defendants were solely negligent, there is no reason why the impleaded defendant should be brought in as in that case the State Insurance Fund, the carrier of the impleaded defendant, will have a lien on the proceeds of the recovery to the extent of compensation awarded and for medical expenses paid

by it by operation of law, pursuant to section 29 of the Workmen's Compensation Law.

On the other hand, if the proof upon the trial shows that the accident happened solely through the negligence of the impleaded defendant, then there must be a verdict of no cause of action for the reason that plaintiffs' exclusive remedy in that event is for compensation under the Workmen's Compensation Law.

Finally, if the proof upon the trial shows that the accident and injuries resulting therefrom were caused by the contributory or concurrent negligence of the impleaded defendant, the defendants would not be entitled to a judgment over against the impleaded defendants because they would be joint tortfeasors. (*Caulfield* v. *Elmhurst Contr. Co.*, 268 App. Div. 661; *Smith* v. *167th Street & Walton Ave. Corp.*, 264 App. Div. 570; *Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305.)

Any cause of action in favor of the defendants against the impleaded defendant must therefore be based on the theory of indemnity either express or implied from some failure of duty upon the part of the impleaded defendant to the defendants.

An examination of the lease is necessary to determine this question.

The lease is barren of any agreement of indemnity. Consequently defendants cannot recover against the impleaded defendant on the theory of an express agreement to indemnify.

" It is a general rule long established that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms." (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41.)

The sole question remaining then is what duty did the impleaded defendant owe the defendants under the lease? The defendants claim that the impleaded defendant contracted to keep the leased premises in repair.

The premises in question leased is Building No. 3, " being the floor space on the second and third floors actually used by the second party in the three story brick building ".

The covenant to repair set forth in the lease is as follows:

" The parties of the first part covenant and agree

" 1. * * *

" 2. To weatherproof Building No. 1, the lumber shed, with building paper, at their own cost and expense, and to keep the leased premises in repair except for ordinary wear and tear and depreciation from use, it being understood that the party of the second part will take care of all minor and incidental repairs to the interior of said premises, as and when they become necessary, during the term of this lease."

What repairs did the impleaded defendant agree to make under the terms of the lease?

It is apparent that their only duty was to make minor or incidental repairs to that portion of the premises occupied by it, to wit: " the floor space on the second and third floors actually occupied " by it. There is no agreement to make structural repairs such as the beams and supports of the flooring. As well might it be claimed that the impleaded defendant contracted to repair the foundations of the building.

This court therefore concludes that under the terms of the lease, the impleaded defendant violated no duty owing to the defendants to repair the beams and supports. The negligence, if any, of the impleaded defendant in overloading the floor would constitute it at most a joint tort-feasor.

The motions to vacate the orders of impleader are granted, with $10 costs in each case.