Benjamin Brenner, J.
Plaintiff pleads two causes, the first for willful destruction of realty and the second for breach of lease. He moves for summary judgment in the latter cause and defendants cross-move to amend their answer.
The cross motion is granted as it is based on an inadvertent failure to deny certain paragraphs of the complaint relative to the second cause which allege its essential basis, namely, the *628 breach of the lease and the resultant damages. Amendments prior to trial, pursuant to section 105 of the Civil Practice Act, are liberally allowed (Ferris v. Hard, 135 N. Y. 354, 362) and, unless the answer is clearly frivolous, to deny such a motion would be an abuse of discretion (Vasile & Son v. Concrete Trans-Mix Corp., 1 A D 2d 936). The proposed amended answer may be served within 10 days from the date of the entry of the order herein.
The motion for summary judgment takes the proposed amended answer into account. It is anticipated by the movant which refers to it as not affecting the merits of the motion.
The lease in question concerns a pier and certain land and buildings attached thereto. It requires the defendant lessee to keep the property, including the pier, in “ good order, condition and repair ’ ’ and upon the expiration of the lease, to surrender same ‘ ‘ in good order and condition, reasonable wear and damage by the elements excepted.” Plaintiff contends that both clauses have been violated, particularly that relating to maintenance of the property during the period of occupancy. It submits photographs showing the condition of the property and estimated bills for repairing same. It also urges that the clauses are independent and impose separate but concurrent obligations upon lessee and that regardless of wear and damage as they relate to the condition of the property at the time of its surrender, the defendants’ failure to maintain it in good order and repair during the occupancy is, sufficient to render defendants liable.
Defendants, on the other hand, contend that the property is in better condition than when originally received by them some 30 years ago; that some of the buildings therein were erected by them; that it is a question of fact as to what is reasonable wear and damage; and that the property being quite old and waterfront rather than residential, such physical factors complicate the fact issues.
The fact that the property is in better condition than when it was originally leased does not foreclose plaintiff from seeking damages for defendants’ failure to keep it in “good order, condition and repair.” (Lehmaier v. Jones, 100 App. Div. 495.) In the case cited the court, in speaking of a clause almost exactly such as the one under consideration, stated (p. 498); “ I think this covenant should be construed as obligating the tenant not only to keep the premises in as good repair as when he enters, but to put, keep and leave in good repair, having due regard to. the age and class of the buildings, and that this construction is sustained by authority.”
*629 While the language quoted upholds plaintiff’s position that the defendants are obligated to do more than merely restore the property to its original condition, it also emphasizes that both maintenance and restoration must have “ due regard to the age and class of the buildings.” So in the case at bar, the issue of whether the premises were maintained and left in good order, condition and repair, must take into account not only the age of the property but the nature of it, namely, a pier and its appurtenances which are constantly exposed to the elements and subjected to heavy and daily blows. Hence factual questions for a plenary trial are presented despite the fact that the photographs show much debris as well as some wear and tear. Nor do the estimated bills for proposed repair conclusively establish that defendants failed to make the repairs and restoration required of them in the light of the “ age and class ” of the property. The motion is denied.