William Kapelman, J.
This is an action brought by the plaintiff landlord to recover rent for a store leased to the defendant tenant pursuant to lease between the parties dated February 9, 1954. The unpaid rent is for the months of March, 1966, through May, 1967, excepting the month of April, the parties having stipulated that the rent due is $8,721.97. Against this sum defendant asserts a defense of payment for the repair of the store’s floor and sleepers thereunder, allegedly plaintiff’s obligation.
Plaintiff alternately contends that the repair was not necessary, that it was an ordinary repair within the terms of the lease to be made by the defendant and, finally, that defendant has provided itself with a floor in a better condition and of better quality than the floor in the store originally leased to the tenant.
It is the defendant’s position that early in the year 1965 its representative examined the floor and found that at least 70% of the floor was defective in that the sleepers below had become spongy and rotted, providing no support for the floor, and that as a result the floor sagged in large areas and constituted a dangerous condition for the public. Upon discovery of this condition, the defendant on April 15, 1965, notified plaintiff thereof and requested plaintiff to make the necessary repairs. Thereafter on April 19, plaintiff replied to defendant’s communication denying any obligation to make the repair. By letter of April 22 defendant again repeated its request for the repair, and on June 16 advised the landlord that pursuant to *380 the terms of the lease unless plaintiff advised defendant within 10 days of plaintiff’s intention to make the repair, the defendant would proceed to do so and charge plaintiff for the cost thereof. Plaintiff replied to defendant’s communication under date of June 21 enclosing an authorization executed on a Building Department form to permit the alterations, again asserting that the premises were in satisfactory condition, that the floor repair was being made solely in connection with a general alteration of the premises undertaken by the defendant, and not because of the alleged defective condition of the floor and sleepers thereunder. The repairs were then caused to be made by defendant and by letter dated December 16, 1965, defendant enclosed to plaintiff a bill in the amount of $8,721.96 for labor and material and also copy of bill paid by defendant to Ideal Store Fixture Co., Inc., dated September, 1965, together with contract and specifications for the repair of floor under Item IX thereof.
At the trial defendant offered evidence as to the condition of the floor prior to April 15, 1965, the said evidence being testimony of defendant’s employees who, during this period of time, examined the floor and the sleepers thereunder and who testified that the sleepers were completely rotted out and decayed, causing the floor to the extent of 70% of the total floor area to sag, constituting a dangerous condition for the use thereof by the public.
Plaintiff offered no testimony in rebuttal thereof, permitting this court to conclude that the floor was in the condition described as aforesaid.
The next inquiry is as to who must bear the cost of the repair. The lease between the parties requires the lessee “ to keep the interior parts of the demised premises in as good repair as same are when possession hereunder is given to lessee, except for repairs occasioned by * * * unsafe condition or settling of the building, reasonable wear and tear, structural repairs * * * and repairs of an extraordinary character- * * * Excepting for such repairs as lessee has agreed to make herein, lessor shall make all replacements and any and all other repairs to the demised premises.”
The sleepers to which the under-flooring is attached are structural in nature and required to be repaired by the landlord. (Susskind v. 1136 Tenants Corp., 43 Misc 2d 588.) Whether the floor on top of the sleepers comes Avithin the same category is a more difficult question. Logically in repairing the sleepers and under-flooring, the surface floor must be disturbed and removed. There is no cellar or basement in this building by which other access may be gained to the under-flooring. In a determination *381 under a lease similar to the case at bar it was held that a covenant requiring a tenant to make all repairs is limited to ordinary repairs and that the building of a new floor is a structural improvement, the expenses thereof to be borne by the landlord under his lease obligation (140 West 34th St. Corp. v. Davis, 158 Misc. 470; Havens v. Hartshorn, 184 Misc. 310; Second United Cities Realty Corp. v. Price & Schumacher Co., 242 N. Y. 120). We hold that the surface flooring is structural in nature, required to be repaired and/or replaced by the landlord.
Defendant’s contractor who made the repair to the floor, testified as to the course of construction of the new floor. There were three additional courses not contained in the original floor, to wit, two courses of felt paper and one course of exterior grade plywood.
While we do hold that the tenant may recover the amount expended herein for the repairs, the extra cost of a new floor consisting of features not contained in the original floor, is not chargeable to the landlord. The surface floor originally had been 1 by 3 inches tongue-in-groove flooring and was replaced by 1 by 6 inches flooring. This is a change in construction occasioned by current practices as a modern improvement and is allowed. (Myers v. Burns, 35 N. Y. 269.) Similarly, as to one course of felt paper not in the original construction. However, as to the additional course of felt paper above the surface flooring and as to the three-quarter inch exterior plywood placed above this felt paper, the cost of these items is not chargeable to the landlord since testimony was convincing that the felt paper was used as additional waterproofing to the new floor equally as good or better than the floor which had originally been provided by the landlord to the tenant. The exterior plywood was used for the purposes of better adhesion of vinyl flooring installed by the tenant, and again is more than the landlord is required to provide. The landlord pursuant to his obligation to repair is not bound to improve or reconstruct the premises. (Ward v. Kelsey, 38 N. Y. 80; Gregory v. Manhattan Briar Pipe Co., 174 App. Div. 106.) The cost of the extra course of felt paper is determined to be $400, and the cost of the plywood $1,600.
The defense of the cost of repair by the “ self-help ” of the defendant is allowed the sum of $6,721.96. Judgment for the plaintiff in the sum of $2,000.