OPINION OF THE COURT
Aaron Klein, J.
1. TO STRIKE NOTE OF ISSUE
Defendant, BP Oil, Inc., moves in motion No. 5 to strike plantiffs Frank Galli and John D. Yeager’s note of issue filed on or about March 20, 1978 because defendant has not had the opportunity to orally examine plaintiffs on their claim for damages to real property.
2. SUMMARY JUDGMENT DISMISSING THE COMPLAINT
Defendant, B P Oil, Inc., moves in motion No. 9 under CPLR 3212 and 3211 (subd [a], par 7) to dismiss plaintiffs’ complaint. In the underlying action plaintiffs seek to recover for an alleged breach of a lease provision which requires the tenant to return the leased premises in as good condition as when received, natural wear and tear excepted, on the grounds the complaint fails to state a cause of action.
The undisputed facts underlying this motion are as follows: (1) Plaintiffs Galli and Yeager acquired title to real estate *96 on which a gasoline station was operated in Greenport Town, Columbia County, New York State, after foreclosing a mortgage they held, by purchasing the mortgaged property and obtaining a referee’s deed made on September 10, 1976 in the Columbia County Clerk’s office.
(2) Plaintiffs foreclosed the interest of Wesley F. Lorenz, Jr., in the subject real estate.
(3) Defendant, BP Oil, Inc., is the successor in interest to Sinclair Refining Company.
(4) In October, 1958 landlord, Wesley F. Lorenz, Jr., entered into an agreement with Sinclair Refining Company whereby Sinclair was to lease a gasoline service station for 15 years following completion of improvements to be made by Lorenz. The improvements were completed on February 23, 1960 and the lease expired on or about February 23, 1975.
(5) The subject lease contains a clause (art 7) which requires the landlord at his expense to keep the premises in good repair.
(6) Article 7 of the subject lease also requires the tenant "to return said premises to lessor at the termination of this lease in as good condition as when received, natural wear and tear excepted.”
(7) Plaintiffs allege that notwithstanding the fact the lease expired before plaintiffs obtained title to the property at the foreclosure sale, article 7 of the lease created a covenant to repair which ran with the land, and that B P Oil, Inc., as Sinclair Oil’s successor, is liable to plaintiffs as landlord for failure to return the leased premises to the landlord in as good condition as when the station was originally leased.
(8) Plaintiffs’ complaint dated November 16, 1977 alleges that on September 20, 1977 plaintiffs, as successor in interest to Wesley F. Lorenz, Jr., served defendant with a written notice requiring it to comply with the terms and conditions of the lease and make repairs to the leased premises requiring an expenditure of $75,000.
Defendant’s motion to dismiss is based on the theory that plaintiffs as purchasers at a foreclosure sale took the subject property, as is, and have no rights under a lease agreement which terminated prior to the commencement of the foreclosure action. Defendant urges that it was not a party to the foreclosure sale, and its rights under the lease were not effected by the foreclosure sale. Defendant further alleges that *97 for plaintiffs to have any rights under the lease agreement, there must be both privity of estate and privity of contract between plaintiffs and defendant. Defendant urges that privity of estate ended with termination of the lease, and privity of contract, if it still exists, is a personal right of the party who was the landlord at the time the lease was terminated.
DECISION
The question raised by this motion is whether the purchaser of real estate at a foreclosure sale can assert a convenant to repair contained in a lease which expired prior to the foreclosure sale against the tenant under that lease.
Plaintiffs are correct in their observation that a convenant on the part of a tenant to surrender premises at the expiration of the term of its lease in a stipulated condition runs with the land (see, e.g., Rasch, New York Landlord and Tenant [2d ed]; § 661; 34 NY Jur, Landlord and Tenant, § 480; Knutsen v Cinque, 113 App Div 677, 678; Lehmaier v Jones, 100 App Div 495, 496).
A close reading of the above authorities reveals, however, that to assert the covenant the grantee must take the fee "subject to a lease” (2 Rasch, New York Landlord and Tenant [2d ed], § 661). In Knutsen v Cinque (113 App Div 677, 678) Justice Gaynor said "He purchased the land subject to the lease, and succeeded to his grantor’s rights under the covenants of the lease.” Similarly in Lehmaier v Jones (100 App Div 495, 496, supra) Justice Laughlin said "The plaintiffs acquired title to the premises on the 12th day of July, 1902, during the last year of the leasehold period.”
In the present case there is no dispute but that plaintiffs took title as purchasers at mortgage foreclosure sale more than a year after the subject lease had terminated. Thus, plaintiffs took subject to no lease and cannot assert a covenant under an expired lease.
Plaintiffs have offered no authority to support their position that a purchaser at a mortgage foreclosure sale is entitled to assert a covenant under a lease which expired prior to the time he took title, and this court has found no authority in its own research. Indeed, the authority the court has found seems to support the commonsense notion that a tenant may only be liable to a subsequent landlord who takes title to the subject *98 real estate during the unexpired term of a lease (cf. 1 Rasch, New York Landlord and Tenant [2d ed], § 15, pp 20, 21).
Plaintiffs’ complaint is defective as a matter of law and defendant’s motion to dismiss for failure to state a cause of action is granted.
Defendant’s motion to strike plaintiffs’ note of issue is denied as moot because the complaint is dismissed as a matter of law.