H. B. SHONTZ COMPANY, Respondent, *v.* RICHARD B. LAFFAY, Appellant.*

First Department, February 8, 1929.

---

* Revg. 131 Misc. 791.

*James N. Luttrell,* for the appellant.

*George W. Alger* of counsel [*Alger & Coughlan,* attorneys], for the respondent.

O'MALLEY, J. This is an action for rent in which the plaintiff landlord has recovered judgment. Under date of February 3, 1921, the plaintiff leased the third floor of a four-story and basement building to the defendant and another, not here a necessary party. The term was for two years and seven months from March 1, 1921. The lease provided that the tenant would not " use or occupy all or any part thereof for any business or occupation other than that of automobile painting and automobile body building " and that the tenant would " comply promptly with all the rules, orders, recommendations, ordinances and requirements * * * of the * * * Municipal authorities, and Police and Fire Departments of the City of New York, * * * affecting the premises * * * or the Tenant's occupancy thereof; * * *."

After taking possession the defendant was served with three successive orders of the fire department to " discontinue the maintenance of a motor vehicle repair shop " on the premises. These orders, the last dated September 12, 1922, were called to plaintiff's attention without result. They were evidently based upon the fact that the premises were located in a business district in which, by " § 4. Business Districts. (a) * * * (29)," of the Amended Building Zone Resolution of the Board of Estimate and Apportionment, no building could be used as a " Repair shop for motor vehicles." In the latter part of September the defendant vacated.

Defendant had other quarters where he made general repairs to automobile chassis. On the premises here in question he repaired and repainted old or damaged bodies. This entailed scraping, use of chemicals, assembling, etc. There is evidence that plaintiff was well aware of the nature of the business to be carried on when it leased the premises to defendant. We are not inclined, therefore, to agree with the trial court in defining " automobile body building " as inclusive of building new bodies and that " automobile painting " could apply to the painting of such newly manufactured bodies.

On the basis of such definition the trial court reached the conclusion that such use of the premises would be legal since article 2, section 4, subdivision (c) of the Building Zone Resolution permitted manufacturing in a business district " provided not more than 25 per cent. of the total floor space of the building is so used, * * *." Performance of the lease being legal under this construction the trial court concluded it was valid.

It seems to us that the situation of the respective parties at the inception of the lease, particularly plaintiff's knowledge of the nature of the business to be carried on by defendant, should be given greater weight in construing the particular terms of the lease. " Leases, like other contracts, are to receive a reasonable construction, one that will carry out the intention of the parties to them." (*Younger* v. *Campbell*, 177 App. Div. 403, 408.) However, we base our disagreement with the conclusion of the trial justice not so much on this as on another ground.

As already stated, the premises were in a district zoned for business. Plaintiff itself had difficulty in obtaining permission to use a small part of the first floor occupied by it for making repairs to batteries. Application was made to the superintendent of buildings for such permission. The application stated that with such exception the entire building would be used " as offices, storage, display and salesrooms for automobile batteries and auto accessories, * * *." This application was denied and an appeal was taken to the board of appeals. That body granted the desired permission under date of July 30, 1920. It was given, however, " on condition that occupancy of the third and fourth stories of the building shall be confined to sales rooms and offices, and shall not be used for manufacturing purposes."

It seems clear that any certificate of occupancy issued thereafter by the superintendent of buildings could not authorize any use of the premises save in conformity with the resolution of the board of appeals. Moreover, such resolution could not be contravened by any subsequent decision of the superintendent of buildings. It was binding on this plaintiff, for the restriction of the use of the building was pursuant to the offer to such effect of a corporation through which its own title came.

Even under the construction put upon the lease by the trial court, therefore, the contemplated use of the premises in question would, at the time of the making of the lease and the time of taking of possession, have been illegal because of such resolution. This illegality was apparently realized by the ostensible owner of the building. After the defendant had vacated the premises and under date of September 13, 1923, it procured a certificate of occupancy

from the superintendent of buildings permitting the use among other things of the third floor as a " Motor Vehicle Repair Shop." This certificate superseded the one theretofore in effect.

The use of the premises specified in the lease being illegal the lease was void. The illegality not having been removed, the defendant very properly vacated the premises. No recovery might be had based on an illegal act. (*Hart* v. *City Theatres Co.*, 215 N. Y. 322; *Doherty* v. *Eckstein Brewing Co.*, 198 App. Div. 708; *Noble* v. *Great American Insurance Co.*, 200 id. 773, 780; affd., 235 N. Y. 589.)

The issue which is made the basis of our decision was fairly presented by the pleadings. The answer in a first defense alleged a due surrender of the premises and the unexpired term to the plaintiff, and a second affirmative defense contained the allegation that the lease was illegal, invalid and void, in that the use contemplated was at the time of making of said lease prohibited by law. Such averments were controverted by the reply. Moreover, the issue was tried out, and even if not technically raised by the pleadings, an amendment to conform to the proof would, under the circumstances, be here proper. (Civ. Prac. Act, § 105.) The judgment appealed from should, therefore, be reversed.

To the end, however, that the plaintiff may have further opportunity of meeting such issue and also of that relating to the elements of defendant's damages on its counterclaims, based on plaintiff's breach of lease and failure to return balance of deposit, a new trial should be ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.