PHILIP BRESSLER, Doing Business as UNITY CLEANING Co., et al., Tenants, *v.* AMSTERDAM OPERATING CORP., Landlord, and KAISER-FRAZER SALES CORP., Respondent.

Municipal Court of the City of New York, Borough of Manhattan, January 17, 1949.

*Nathan H. Goldstein* for tenants.

*Abraham Waldman* for landlord.

*Raymond C. Murphy* for respondent.

GARRISON, J. Petitioners (tenants) instituted these summary proceedings against their landlord and another for reinstatement in the premises occupied by them before their eviction by the landlord. The two proceedings were consolidated for trial, and separate final orders are to be made and entered.

Petitioners contend that they are entitled to final orders upon showing proof (1) of the relationship of landlord and tenant; (2) that the landlord forcibly entered upon the premises occupied by the tenants and removed their property and effects; (3) that the tenants have since been detained from the possession of the premises, and (4) that the said tenants were removed without due process of law and contrary to statute.

Petitioners have pleaded in their petition that, pursuant to agreement, they entered into possession of the premises and had *lawfully* and peaceably occupied the same.

The proof establishes the fact that the eviction by the landlord was without resort to any competent court, without any warrant or lawful process. There was proof adduced upon the

trial that violations had been placed upon the tenants' premises and that criminal proceedings were instituted, and were pending, against the tenants in respect of the said violations by the Department of Housing and Buildings of the City of New York, prior to the evictions.

Bressler's premises consisted of a space in a disused elevator shaft, the floor and ceiling of which had been covered with combustible material, and the occupancy and use were for storage of materials and equipment. Pursuant to the provisions of the Administrative Code of the City of New York, an order (violation) was served which contained a direction to discontinue forthwith the use of said storage room and remove all flooring in the same. Ruggiero's premises were rented for an automobile repair shop, such occupancy in a business district, where prohibited, constituting a violation of the Zoning Resolution of the City of New York, and the order (violation) served contained a direction to discontinue forthwith such use.

The court finds that the premises of both petitioners so demised, and as constituted, and within the purposes of the lettings (which were oral and not pursuant to formal written agreements) could never be lawfully occupied for the purposes intended; that they were not lawfully occupied from the very beginning of the lettings; that their unlawful status remained in being up to the time of the evictions; and that their occupancy and use by the tenants were in clear violation of the enactments of law relating to the City of New York. Had the landlords resorted to the courts, it would have been the inescapable duty of the trial court, upon a showing of proof of the violations in existence, to evict these tenants. The validity of the orders of the department of housing and buildings was challenged by the petitioners. The " good faith " of the landlord in instigating the placement of violations against the tenants' premises was explored. It is the opinion of this court, however, that such violations are not subject to collateral attack in these proceedings.

During the trial, this court indicated that if final orders were made in tenants' favor, their return to the premises and their continued occupancy and use of the same would recreate unlawful conditions — would be violative of the orders served by duly constituted authority, and that the Municipal Court would be bound, upon application by the landlord, to direct the eviction of the tenants. The court, therefore, felt, and so stated, that a determination favorable to these tenants in the instant proceedings would be a futile act; that under the circumstances as obtain here the tenants' right to redress of any wrongdoing suffered at the hands of the landlord by way of summary pro-

ceedings should be denied, and that the remedy lay in actions at law against the landlord for damages.

The Administrative Code of the City of New York has replaced the City Charter and code provisions. The provisions of the charter and building code, and the zoning resolutions, have been held to have the force of statutes. (*Hart* v. *City Theatres Co.*, 215 N. Y. 322; *Railroad Stores, Inc.*, v. *Fabyan & Co.*, 120 Misc. 142; *Ober* v. *Metropolitan Life Ins. Co.*, 157 Misc. 869.)

In actions to enforce provisions of illegal contracts, courts have uniformly denied relief. In *Hart* v. *City Theatres Co.* (*supra*, p. 330) the court said: " Where a contract on its face, whether so intended by the parties or not, offends against statutes intended to promote public safety, the court will not enforce it." Again, in the *Hart* case (*supra*, p. 325) the rule is stated as follows: " It is well settled that a plaintiff cannot recover if he is compelled to predicate his cause of action upon an illegal contract." (See, also, *Railroad Stores, Inc.*, v. *Fabyan & Co.*, *supra*; *Municipal Metallic Bed Mfg. Corp.* v. *Dobbs*, 253 N. Y. 313; *Hartsin Constr. Corp.* v. *Millhauser*, 136 Misc. 646.) In my opinion the same rule of law should be applicable to summary proceedings, as in actions; and where affirmative relief by way of summary proceedings is sought, the right to prevail should be predicated upon a showing of a lawful purpose of the tenancy.

It has been urged that a denial of relief by way of summary proceedings to the tenants would serve to countenance and condone illegal conduct on the part of this landlord. This commentary is poorly supported by the facts in this rare situation. The landlord may escape penalty, if not condemnation, here, but it still remains wide open to punitive action elsewhere by way of a lawsuit for damages.

The petitioners contend that the rule enunciated in the case of *Golde Clothes Shop, Inc.*, v. *Loew's Buffalo Theatres, Inc.* (236 N. Y. 465) is applicable. There is, however, a distinction upon the facts. In the *Golde* case, *supra*, the use was lawful; in the instant case, the uses, from the beginning, were unlawful and contrary to statutes enacted and intended to promote the public safety.

This court holds that the burden of proof is upon the petitioners to show not alone that the relationship of landlord and tenant existed, but to demonstrate that the relationship existed for a lawful purpose. This the petitioners have not done. The remedy afforded by summary proceedings is denied, and a final order, in each proceeding, will be made accordingly.