Guy G. Ribaudo, J.
Plaintiff sues to recover rent for the month of March, 1961 in the amount of $1,800. Defendant asserts no liability under the lease executed by the parties and counterclaims for the return of security of $3,600.
A prior trial of this action before a jury resulted in an inconsistent verdict, the result of which the case was retried before me upon a waiver of a jury and a stipulation of facts.
The lease provided that the premises were let to the defendant tenant to be used and occupied only for “ Offices, stock in trade, warehousing, shipping and receiving merchandise and other goods, furniture repairs, storage and related operation.”
*949 The annual rental was fixed at $21,600, payable in monthly installments of $1,800.
A rider to this lease provided that the landlord was to construct at its own cost and expense, three tailboard loading platforms together with angled extensions and canopy. If the tenant defendant elected, in lieu of constructing these platforms, the tenant was to be allowed the sum of $3,000 against the tenant’s cost of constructing these tailboard loading platforms.
A part of the demised premises included a yard adjacent to the side of the building where the tailboard loading platforms were to be constructed.
After the tenant took possession of the premises it was learned that the yard portion of the demised premises was within a residential district and therefore, under the Zoning Ordinances of the City of New York the use of such premises for commercial purposes was not permitted.
A violation was issued by the Department of Buildings of the City of New York by reason of the tenant’s use of the yard premises for commercial purposes.
Following the receipt of this violation the tenant gave notice to the landlord that it would vacate the premises and did vacate the premises at the end of March, 1961.
The landlord at that time advised the Building Department to dismiss the violation because the tenant was about to remove from the premises.
This action seeks to recover rent for the month of March, 1961. The landlord seems to assert an alternative cause of action for use and occupation. Hence, on the state of the pleadings in this action, this is strictly an action for rent arising out of the tenancy by the defendant and not by reason of its use and occupation of the premises. (9302 Boardwalk Corp. v. Littman, 164 Misc. 124.)
The court under the state of these pleadings must look solely to the lease and if it finds that the use therein provided was in violation of the zoning laws the rent arising under said lease cannot be recovered qua rent. (Shontz Co. v. Laffay, 225 App. Div. 263; Hartsin Constr. Corp. v. Millhauser, 136 Misc. 646 [App. Term].)
The plaintiff landlord claims that some of the above-mentioned uses could have been lawful and therefore the fact that some of the authorized uses may have been unlawful, does not taint the tenancy. However, the court finds that the vital and primary use here as reflected by the provisions of the purpose clause, as well as the rider, was for warehousing, shipping and receiving merchandise. The construction of the loading plat *950 forms was an integral part of this tenancy. This was a vital area under the lease and a facility which the landlord agreed to provide. The subsequent removal of the violation after the defendant had vacated the premises did not exonerate the landlord. (Shontz Co. v. Laffay, supra.)
The court is therefore constrained to dismiss the complaint herein without prejudice, however, to any action which the plaintiff may be advised to take to recover for use and occupation during the month of March, 1961.
The defendant is entitled to recover upon its claim for the return of security in the amount of $3,600 together with appropriate interest thereon.
In accordance herewith the plaintiff’s attorney, pursuant to the agreement made at the time of submission, is directed to return the moneys held in escrow to the defendant.