Kristin Booth Glen, J.
(dissenting). I respectfully dissent and vote to dismiss the nonpayment petition.
The record evidence establishes that the professional use was unauthorized under the existing certificate of occupancy, *349 and that the applicable zoning resolution does not permit a professional use on the sixth floor of the multiple dwelling. A proceeding for nonpayment of rent may not be maintained if performance under a lease will necessarily entail a violation of the building codes, and the illegal condition is not capable of correction (Elkar Realty Corp. v Kamada, 6 AD2d 155; Thirty-Five Forty Thirtieth St. Corp. v Straub Delivery Co., 41 Misc 2d 948; see, Hart v City Theatres Co., 215 NY 322, 325-326).
Nor should landlord herein recover use and occupancy under the "balancing of the equities” analysis invoked in Abright v Shapiro (92 AD2d 452, 453). It was not revealed that the certificate of occupancy did not authorize commercial use of the apartments until after tenant took occupancy, with the result that tenant was effectively precluded from subletting to other psychotherapists as contemplated by the parties. At the trial, landlord did not come forward with any evidence that it had complied with an Environmental Control Board violation by legalizing the use. Thus, tenant was placed in an untenable position of being deprived of the beneficial use of the premises, or subjecting himself to money damages for breach of lease by vacating before the end of the term. Landlord, which took no affirmative steps to alleviate or remedy the unlawful occupancy, should not be rewarded for its (in)action by receiving payment for the period in dispute.
Broader considerations of public policy also dictate that landlord not succeed on the petition. It is manifest that what occurred here was a transparent device to convert residential space to business use, at a presumably higher rental to the owner.* In a period of housing scarcity, no public purpose is served by sustaining contracts which contribute to the impermissible diminution of the housing stock and which encourage the violation of the housing laws. In such circumstances, a court is warranted in leaving the parties to an illegal agreement where it finds them and in refusing to lend its aid to any party.
Parness, J. P., and McCooe, J., concur; Glen, J., dissents in a separate memorandum.

 The record is silent on the issue whether these apartments, if lawfully rented as residential units, would be subject to the Rent Stabilization Law or Emergency Tenant Protection Act.