■ Moussa Soukouna, Appellant, v 365 Canal Corp., Respondent. [853 NYS2d 39]—Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered March 31, 2006, which modified a judgment of the Civil Court, New York County (Saliann Scarpulla, J.), entered June 7, 2004, restoring petitioner to possession of leased premises and awarding him money damages of $563.29, to the extent of denying petitioner's motion for restoration of possession, unanimously affirmed, without costs.

While Real Property Law § 231 (1) and Real Property Actions and Proceedings Law § 711 (5) contemplate court action by landlords seeking to recover premises used by lessees for illegal purposes, restoring petitioner to possession would be futile, because a summary proceeding brought by respondent would result in petitioner's certain eviction (*see Matter of 110-45 Queens Blvd. Garage v Park Briar Owners*, 265 AD2d 415, 416 [1999]; *Bressler v Amsterdam Operating Corp.*, 194 Misc 76, 78-79 [1949]). Contrary to petitioner's contention, the evidence before the Civil Court amply supports the finding that he was selling counterfeit goods from his booth at respondent's flea market. Concur—Lippman, J.P., Friedman, Williams and Acosta, JJ. [*See* 11 Misc 3d 137(A), 2006 NY Slip Op 50522(U).]

■ The People of the State of New York, Respondent, v Luis Pinero, Appellant. [851 NYS2d 870]—Judgment, Supreme Court, Bronx County (Darcel Clark, J., at plea; Denis Boyle, J., at sentence), rendered on or about October 20, 2006, unanimously affirmed. No opinion. Order filed. Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ.