■ ROBERT W. BUCHWALD et al., Plaintiffs, v VERIZON NEW YORK, INC., et al., Defendants. VERIZON NEW YORK, INC., Third-Party Plaintiff-Respondent, v NORTHERN TELECOM, INC., Third-Party Defendants-Appellants. [860 NYS2d 360]—

Appeal from an order of the Supreme Court, Erie County

(Joseph R. Glownia, J.), entered May 1, 2007 in a personal injury action. The order, insofar as appealed from, denied the cross motion of third-party defendants for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing the first cause of action of the third-party complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert W. Buchwald (plaintiff) when he slipped and fell on property owned by defendant and third-party plaintiff, Verizon New York, Inc. (Verizon). Verizon commenced a third-party action against third-party defendants, Northern Telecom, Inc. and Nortel Networks, Inc. (collectively, Nortel defendants), seeking "indemnification and/or contribution" in the first cause of action and seeking contractual indemnification in the second cause of action. Following settlement of the action against it, Verizon moved for summary judgment on the third-party complaint, and the Nortel defendants cross-moved for summary judgment dismissing the third-party complaint. Supreme Court denied both the motion and cross motion.

We agree with the Nortel defendants that the court erred in denying that part of their cross motion seeking summary judgment dismissing the first cause of action, and we therefore modify the order accordingly. By establishing that the claim for contribution is barred by General Obligations Law § 15-108 (c) as a result of Verizon's settlement with plaintiff, the Nortel defendants met their initial burden (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). By failing to address its contribution claim in opposition to the cross motion, Verizon failed to raise a triable issue of fact sufficient to defeat that part of the cross motion (*see generally id.*). We interpret the indemnification claim in the first cause of action as one for common-law indemnification, and it is well settled that a party is not entitled to common-law indemnification unless that party establishes that it cannot be held responsible for the underlying injuries to any degree (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 24-25 [1985]). The record before us establishes that Verizon is, to some degree, responsible for plaintiff's injuries, and we thus conclude that the first cause of action in actuality asserts a claim for contribution only (*see id.* at 25). As previously noted, such a claim is barred by General Obligations Law § 15-108 (c).

Contrary to the further contention of the Nortel defendants, however, we conclude that the court properly denied that part of their cross motion seeking summary judgment dismissing the second cause of action, for contractual indemnification. "[I]t is not necessary that [Verizon] be found completely without fault in the happening of the accident in order to be partially indemnified under the [contractual] indemnification clause" (*Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 926 [2003]; *see Murphy v Columbia Univ.*, 4 AD3d 200, 202-203 [2004]; *Dutton v Pankow Bldrs.*, 296 AD2d 321, 322 [2002], *lv denied* 99 NY2d 511 [2003]). Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.