■ COAST EQUITIES, LLC, Respondent, v JCC VENTURES, INC., et al., Appellants, et al., Defendant. [877 NYS2d 239]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 11, 2008, which, in an action to recover unpaid rent and related legal fees, insofar as appealed from, granted plaintiff landlord's motion for summary judgment as against defendants-appellants tenant and guarantor, unanimously affirmed, with costs.

Defendants assert that the primary purpose of the subject July 2002 lease, as contemplated by them and plaintiff's prede-

cessor landlord, was the operation of a cabaret; that defendant and its assignee, against whom summary judgment was also granted but who does not appear on the appeal, continuously operated the premises as a cabaret until August 2005; and that on August 1, 2005, the Department of Buildings (DOB) informed defendants of its intent to presently revoke the cabaret permit pursuant to Administrative Code of the City of New York § 27-197 on the ground that the permit had been issued in error. For present purposes, it further appears that the rent due plaintiff was fully paid through September 2005 and that the assignee vacated the premises in October 2006 after failed attempts to obtain a cabaret license. We reject defendants' argument that because the intended use of the leased space as a cabaret was illegal from the beginning, although nobody realized it until the August 2005 revocation notice from DOB, the lease is unenforceable as against public policy. Unlike *Hart v City Theatres Co.* (215 NY 322 [1915]), the lease contemplated other possible uses besides a cabaret, and defendants do not claim that these other permitted uses, as a restaurant, bar or lounge, were also illegal. On the issue of illegality, the burden should be on defendant tenant, whom the lease made entirely responsible for obtaining all licenses and permits needed by it to conduct its business on the premises, and who, after expiration of an option to cancel by October 2002, was to remain responsible under the lease regardless of any failure to obtain or maintain any needed licenses or permits. Nor does it avail defendants to argue that the lease was induced by fraud, assuming that any fraud by plaintiff's predecessor can be imputed to plaintiff, where there is no evidence of the circumstances surrounding the fraud (CPLR 3016 [b])—there is only an attorneys' affirmation, a verified answer conclusorily alleging fraud, and the August 2005 DOB notice (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). While plaintiff's predecessor represented in the lease that it had no actual knowledge of any condition that would prohibit the uses permitted in the lease, absent some reason based on fact that plaintiff's predecessor had such knowledge, it does not avail defendants to argue that there should be disclosure on the issue (*see Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 116 [1998]). We have considered defendants' other arguments and find them unavailing. Concur—Andrias, J.P., Gonzalez, Buckley and Acosta, JJ.