*251 OPINION OF THE COURT
Joseph J. Maltese, J.
Defendants Carroll’s Florist Corp., Josephine Cannizzaro and Charles Cannizzaro move for summary judgment dismissing plaintiff Anna Truncellito’s complaint pursuant to CPLR 3212. Defendants’ motion is denied.
Plaintiffs cross motion for summary judgment on the issue of defendants’ liability pursuant to CPLR 3212 is denied.
Facts
This is an action for personal injuries allegedly sustained by the plaintiff when she fell down a stairway while exiting the defendants’ florist shop on March 28, 2007. Defendants own a florist shop located on Richmond Road in Staten Island, New York (the premises). The building was constructed in the early 1950s and the stairway was added in the mid-1990s. There were allegedly no permits issued for the construction of the stairway. The stairway in question consists of two steps that lead up from the entry doors to the main floor. Plaintiff ascended the stairs to purchase a palm cross, which was approximately 2[1]k feet tall. While carrying the palm cross on her way out of the store, the plaintiff allegedly mistook one of the steps for a continuation of the main floor. When the plaintiffs foot unexpectedly dropped to the first step, she fell down the stairs and suffered injury as a result (the accident). While falling, the plaintiff allegedly reached for a handrail to steady herself, but no handrail was present on the stairway. In the 20 years prior to the plaintiffs fall, no other accidents had occurred in the entrance area of the premises.
Discussion
A motion for summary judgment must be denied if there are “facts sufficient to require a trial of any issue of fact” (CPLR 3212 [b]). “A movant for summary judgment must demonstrate entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact.”[1] “Moreover, in deciding the motion, the court is required to ac *252 cept the opposing party’s version of the facts as true.”[2] Summary judgment is a drastic remedy and “should not be granted where there is any doubt as to the existence of a material and triable issue of fact.”[3] Issue finding, rather than issue determination constitutes the key to the procedure.[4]
[5]In making such an inquiry, the proof must be scrutinized carefully in the light most favorable to the party opposing the motion.®
Once the moving party has made a showing of sufficient evidence, the burden shifts to the party opposing summary judgment to put forth evidence in admissible form to establish a triable issue of fact.[6]
Negligence, whether of the plaintiff or defendant, is usually a question of fact. It should be submitted to the jury if there is a valid line of reasoning and permissible inferences from which rational people can draw a conclusion of negligence on the basis of the evidence presented.[7]
Defendants’ Motion for Summary Judgment
In order to demonstrate a prima facie entitlement to judgment as a matter of law granting summary judgment to the defendants, they must demonstrate that they did not cause or create the conditions that gave rise to the accident. Furthermore, the defendants must show that they did not know, and in the exercise of reasonable care could not have known, that the condition that caused the accident existed.[8]
Defendants present sufficient evidence to satisfy their initial burden of establishing that they did not create the hazardous condition. Indeed, the defendants present evidence indicating that no hazardous condition was present at all. The step to enter into the premises is lined with rubber to increase traction, and there is a floor mat at the bottom of the stairs that increases the visibility of the difference in height between the surfaces at the top and bottom of the steps. Plaintiff’s own deposition *253 indicates that she was aware of the step and could not identify the exact cause of her accident.[9]
Defendants also establish that they had no actual or constructive notice of the hazard. Defendants were unaware of the danger presented by the steps since nobody had ever slipped or tripped in the area where the plaintiff fell in the 20 years prior to the accident. The danger presented by the steps was also not obvious given that the difference in height between the top and bottom of the steps was less than two feet. Though the steps had been installed in the 1990s, giving a definitive time frame from which to infer constructive notice, the defendants could not have discovered the alleged hazard with the exercise of reasonable care since it was not apparently dangerous.
Since the defendants have satisfied their initial burden, the burden now shifts to the plaintiff to raise the existence of a triable issue of fact.[10]
Plaintiff establishes several triable issues of fact which must be resolved at trial. There is a question as to whether the premises are in violation of applicable building codes. Since the premises were constructed in 1952, the 1938 Building Code of the City of New York (Administrative Code of City of NY § C261.0 et seq. [1938 Building Code]) is certainly applicable. Plaintiff contends that section C26-292.0 of the 1938 Building Code applies since the steps in question qualified as “[Required exit stairs” (§ C26-292.0 [1] [1]). If the steps qualified as “[Required exit stairs,” the lack of a handrail would constitute a violation of the 1938 Building Code. Since the stairs led to a landing from which the plaintiff must exit the premises, this court finds that the stairs in question qualify as “[Required exit stairs” under the 1938 Building Code.[11]
The 1968 Building Code of the City of New York (Administrative Code § 27-101 et seq. [1968 Building Code]) may also apply if the renovations made in the 1990s were of substantial character. If the 1968 Building Code applies, the steps fall under section 27-375, which governs “Interior stairs.”[12] Interior stairs are defined as “[a] stair within a building, that serves as a *254 required exit.”[13] Section 27-375 (f) requires stairs less than 44 inches in width to have a single handrail, stairs 44 to 88 inches in width to have handrails on both sides, and stairs greater than 88 inches to have a handrail in the middle of the staircase in addition to handrails on both sides. If the 1968 Building Code applied, at least one handrail was certainly required. Insufficient evidence has been presented pertaining to the extent of the renovations thereby making it impossible for this court to determine the applicability of the 1968 Building Code.
Regardless of which Building Code actually applies, the plaintiff has adequately demonstrated that a triable issue of fact exists as to whether the lack of a handrail on the steps constituted a violation of either Building Code.
Furthermore, even if the step is in compliance with applicable building codes, a triable issue of fact exists as to whether the defendants’ failure to install a handrail or properly alert customers to the presence of the step caused the accident. A reasonable jury may find that the defendants took inadequate precautions to alert patrons of the store of the steps, especially considering many of the customers were likely to be carrying unwieldy items that obscure their vision.
Plaintiffs Cross Motion for Summary Judgment
Plaintiff contends that she is entitled to summary judgment on the issue of defendants’ negligence since the defendants’ failure to comply with applicable building codes in the construction of interior steps on the premises constituted negligence per se.
To establish a prima facie case of negligence, plaintiff must prove that the defendants owed her a duty of care, breached that duty, and that the breach proximately caused her injury.[14]
In order for an owner or possessor to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord or possessor created the dangerous condition or had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected.[15]
In order to establish proximate cause, the plaintiff in a premises liability action based on negligence is not required to exclude every other possible cause, but he or she needs only to offer evidence from which proximate cause may be reasonably *255 inferred and this burden of proof may be satisfied if the possibility of another explanation of the event is sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inference to be drawn from the evidence.[16]
Plaintiff alleges that the applicable Building Code imposed a duty upon defendants to comply with its provisions. Plaintiff argues that either section C26-292.0 of the 1938 Building Code or section 27-375 (f) of the 1968 Building Code applies to the defendants’ building and that, regardless of which applied, defendants’ interior steps were not in compliance.
Section C26-292.0 of the 1938 Building Code states in part: “Required exit stairs shall have walls or well secured balustrades or guards on both sides with hand-rails on both sides.”
Section 27-375 (f) of the 1968 Building Code deals with interior stairs and states in part:
“(f) Guards and handrails. Stairs shall have walls, grilles, or guards at the sides and shall have handrails on both sides, except that stairs less than forty-four inches wide may have a handrail on one side only. Handrails shall provide a finger clearance of one and one-half inches, and shall project not more than three and one-half inches into the required stair width.”
At the very least, the 1938 Building Code applies to the structure since it was constructed in the 1950s. The provisions stated above impose a specific duty on the building owners to install handrails on stairs with certain dimensions. It would appear that, since the stairs in question did not have a handrail, the stairs violated section C26-292.0 of the 1938 Building Code.
Defendants contend that, even if the stairs violated the Building Code, such a violation does not warrant a finding that the defendants acted negligently per se. Instead, such a violation is to be used merely as some evidence of defendants’ negligence. They argue that the controlling case stands for the assertion that a municipal ordinance, while controlling authority in its sphere of operation, has the force of statute with respect to application but not for purposes of tort consequences.[17] Defendants specifically point to the paragraph in Elliott which states:
“To surmount this ‘local law’ designation and justify *256 treatment under a negligence per se standard of care, plaintiff relies on our line of cases that have treated sections of the Administrative Code that impose a specific duty as having the ‘force of statute’ in the City of New York (see, e.g., Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 645; Bittrolff v Ho’s Dev. Corp., 77 NY2d 896, 899 n; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 565 n 3). This reliance is, however, misplaced. Those decisions merely restate the basic proposition that a provision of the Administrative Code, similar to a statute, is the controlling authority ‘within its sphere of operation’ (Martin v Herzog, supra, 228 NY, at 169). Whether a section of the Administrative Code has the force of statute with respect to application does not determine its tort consequences. As has been noted, a declaration that a local ordinance or an administrative rule or regulation ‘has the force and effect of law does not make it so, if by that is meant that it is the equivalent of or equal to a legislative enactment. The Constitution of the State commits to the Legislature alone the power to enact a statute (Schumer v Caplin, supra, p. 351). It is only to such an enactment that liability without regard to negligence may attach’ (Major v Waverly & Ogden, supra, 7 NY2d, at 336 [emphasis added]).”[18]
Accordingly, defendants assert that any violation of the Building Code does not give rise to a finding of negligence per se and may only be used as mere evidence of negligence, which is an issue of fact for the jury to decide.
Defendants misinterpret the Court’s decision in Elliott. The Court, in general, concluded that municipal ordinances that impose a specific duty may have the effect of a statute in application, but do not bear on tort consequences. However, the Court specifically mentioned that certain sections of the Administrative Code have their origins in state law, thus entitling them to statutory treatment in tort cases. The Building Code is one of those sections.[19] As also stated by the Court in Elliott, “[w]e do, however, acknowledge that certain sections of the Administrative Code have their origin in State law (see, Guzman v Haven Plaza Hous. Dev. Fund Co., supra, 69 NY2d, *257 at 565 n 3) and, as such, they might be entitled to statutory treatment in tort cases.” (Id.)
Footnote 3 in Guzman (at 565) states:
“The Administrative Code is a codification and restatement of applicable ‘statutes and laws, general, special and local’ (Administrative Code former § 1-0.0). The sections of the Code pertinent to this appeal are found in ‘Part II, Building Code’ (now § 27-101 et seg.). In Hart v City Theatres Co. (215 NY 322, 326) it was held that the ‘Building Code [of the Administrative Code] has all the force of a statute in the city of New York’ (see, Phelan v Yellin, 122 Misc 2d 807; Bressler v Amsterdam Operating Corp., 194 Misc 76, 79).”
Therefore, the Court in Elliott specifically mentions the Building Code as having all the force of statute, not only with respect to application, but also to tort cases.
Plaintiff also presents sufficient evidence to indicate that the defendants’ failure to comply with the Building Code by installing a handrail was the proximate cause of the accident. While the plaintiff was falling, she alleges that she grasped for a handrail to regain her balance and that, had a handrail been present, she would have avoided falling.[20]
However, while the violation of a statute constitutes negligence per se, that does not necessarily give rise to a determination that there is absolute or strict liability for damages proximately caused by the violation of the statute or statutes. The violation of the applicable provisions of the Building Code, which operates with the force of statute, still leaves the question of contributory negligence to be determined before final disposition may be had.[21]
Defendants have presented sufficient evidence to indicate that a triable issue of material fact exists as to whether the plaintiff was contributorily negligent. A reasonable jury may find that, since the plaintiff entered the premises through the same doors, ascended the same steps that she was descending at the time of the accident, and was carrying a large palm cross as she descended, the plaintiff may have been negligent in failing to perceive the presence of the step or ask for help in carrying the palm cross she had just bought. Accordingly, as this court’s *258 role is issue finding, not issue determination, the plaintiff’s cross motion for summary judgment on the issue of defendants’ liability must be denied.
Conclusion
Plaintiff has presented sufficient evidence to indicate that a triable issue of material fact exists as to whether Building Code provisions applied to defendants’ steps and whether defendants’ steps conformed to applicable code.
Additionally, defendants’ failure to construct the steps in compliance with applicable building codes is negligence per se. However, a triable issue of material fact remains regarding the extent to which the plaintiff may have been contributorily negligent in the accident.
Accordingly, it is hereby ordered, that defendants’ motion for summary judgment dismissing plaintiff Anna Truncellito’s complaint is denied; and it is further ordered that plaintiffs cross motion to declare the defendants liable is denied.

. Washington v Community Mut. Sav. Bank, 308 AD2d 444 (2d Dept 2003).

. Jablonski v Rapalje, 14 AD3d 484, 486 (2d Dept 2005), citing Rizk v Cohen, 73 NY2d 98 (1989).

. Jablonski v Rapalje, 14 AD3d 484, 486 (2005) (internal quotation marks omitted).

. Anyanwu v Johnson, 276 AD2d 572 (2d Dept 2000).

. Makaj v Metropolitan Transp. Auth., 18 AD3d 625 (2d Dept 2005).

. Zuckerman v City of New York, 49 NY2d 557 (1980).

. Nallan v Helmsley-Spear, Inc., 50 NY2d 507 (1980).

. Rosado v Proctor & Schwartz, Inc., 66 NY2d 21 (1985); Buchwald v Verizon N.Y., Inc., 52 AD3d 1301 (2008).

. Exhibit D at 19, defendants’ notice of motion.

. Zuckerman, supra.

. Union Bank & Trust Co. of Los Angeles v Hattie Carnegie, Inc., 1 AD2d 199 (1st Dept 1956).

. Administrative Code of City of NY § 27-375.

. Administrative Code of City of NY § 27-232.

. Solomon v City of New York, 66 NY2d 1026 (1985).

. Juarez v Wavecrest Mgt. Team, 88 NY2d 628 (1996).

. Venetal v City of New York, 21 AD3d 1087 (2d Dept 2005); Brewster v Prince Apts., 264 AD2d 611 (1st Dept 1999).

. Elliott v City of New York, 95 NY2d 730 (2001).

. Elliott at 735-736.

. Elliott at 736.

. Howe v Rockwell Co., 293 NY 812 (1944).

. DiSilvestro v Samler, 32 AD3d 987, 988-989 (2d Dept 2006).